

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| JOYCE HAMPTON<br>individually and as surviving spouse<br>of Harry Payne Hampton, deceased<br><br>　　　　Plaintiff,<br>vs.<br><br>RIGHT-AT-HOME Tulsa d/b/a RIGHT<br>AT HOME<br>a foreign corporation,<br>JANE DOE, an Oklahoma citizen,<br>RIGHT-AT-HOME, LLC;<br>RIGHT-AT-HOME, INC.<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | DISTRICT COURT<br>F I L E D<br>AUG - 7 2020<br>DON NEWBERRY, Court Clerk<br>STATE OF OKLA. TULSA COUNTY<br><br>CJ-2020-<br><br>Attorney lien claimed<br>Jury trial demanded<br><br>William D. LaFortune |

## PETITION

COMES NOW, JOYCE HAMPTON, individually and as surviving spouse of Harry Payne Hampton, by and through her counsel Darrell W. Downs and Jacob R. Daniel of the law firm Taylor, Foster, Mallett, Downs, Ramsey, & Russell, P.C. and hereby file this Petition for their claim for relief against the above-named Defendants, allege and state as follows:

### JURISDICTION AND VENUE

1. Plaintiff Joyce Hampton is a citizen of Oklahoma and resident of Tulsa County. She is permitted to bring this wrongful death suit as Mr. Hampton's surviving widow. 12 O.S. § 1054.

2. Defendant Right-at-Home Tulsa d/b/a Right at Home is a foreign for-profit corporation licensed to do business in Oklahoma. It has employees in Oklahoma. On best information and belief, it is incorporated in Kansas and its principal place of business is in Kansas.

1

EXHIBIT 2

3. Defendant Jane Doe is employed by Defendants Right-at-Home, LLC and/or Right-at-Home Tulsa d/b/a Right at Home. Upon best information and belief, Jane Doe is a citizen of Oklahoma as she lives and works in Tulsa County, Oklahoma.

4. Defendant Right at Home, LLC is a foreign for-profit corporation. On best information and belief, it is incorporated in Delaware and its principal place of business is Kansas.

5. Defendant Right at Home, Inc. is a foreign for-profit corporation. On best information and belief its principal place of business is in Nebraska and it is incorporated in Delaware.

6. The amount in controversy is in excess of $75,000 or more than the amount necessary to establish diversity jurisdiction in federal court pursuant to Section 1332 of Title 28 of the United States Code.

7. Jurisdiction is afforded to this Court pursuant to 12 O.S. § 2004(F) and Okla. Const. VII, § 7.

8. Venue is proper under 12 O.S. § 137.

## FACTUAL BACKGROUND

9. Plaintiff adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 8 as if set out in full herein.

10. Harry Payne Hampton, deceased, lived in Tulsa County, Oklahoma with his wife (and Plaintiff in this action), Joyce Hampton.

11. Under the care of his physician, Mr. Hampton was "home bound," meaning he and his wife spent a significant amount of time in their residence. He was home bound due to aging and was otherwise in a general healthy condition.

12. As a result of his physician's recommendation, Mr. Hampton and Plaintiff hired Defendants Right-at-Home Tulsa and Right-at-Home, LLC to provide home care services.

This assistance and services included physical assistance, non-medical home care and assistance, companionship care, health reminders, and homemaking assistance.

13. This assistance required caregivers and home medical employees from Defendant corporations to spend multiple hours with Plaintiff and her husband. Upon best information and belief, these employees also attended other customers in their households.

14. In December 2019, a global pandemic began which originated in another country, but was eventually transmitted to the United States in early 2020. The virus is named SARS-COV-2 and causes the disease colloquially known as "Coronavirus" or COVID-19. This pandemic is ongoing.

15. In the very beginnings of the pandemic, it became apparent and widely understood that older persons were extremely susceptible to severe illness due to this virus. According to the Centers for Disease Control, 8 out of every 10 deaths from COVID-19 are from persons over the age of 65.

16. It is also widely known, not just to the medical professional community, that masks and other personal protective equipment significantly the transmission of SARS-COV-2.

17. Employees of Defendant corporations, including Jane Doe, neglected to wear adequate personal protective equipment while visiting Plaintiff's and the decedent residence.

18. In the beginning of June 2020, Jane Doe was suspected of contracting COVID-19 and was tested. Jane Doe was tested on Monday, June 1. Plaintiff and her husband were not notified.

19. Jane Doe received positive results Wednesday, June 3. Plaintiff and her husband were finally notified.

20. During the time Jane Doe was infected, she was still not wearing appropriate protective gear which would have significantly reduced the likelihood of transmission of SARS-COV-2.

21. On Friday, June 5, Mr. Hampton began showing symptoms of COVID-19 and was transported via ambulance to St. Francis Hospital.

22. Mr. Hampton tested positive for COVID-19 and remained in the hospital for 34 days, battling the virus. Unfortunately, he passed away in July 2020 from complications from Coronavirus.

23. Mr. Hampton and his care were in the exclusive control of Defendants. The type of injury suffered by Mr. Hampton does not ordinarily occur without negligence because of the regulations and standards of home health companies.

24. Moreover, Mr. Hampton or Plaintiff did not contribute to the cause of Mr. Hampton's death. On best information and belief, Mr. Hampton was only exposed to COVID-19 through his contact with Defendants' employee, Jane Doe. Plaintiff and her husband were home bound, rarely seeing others besides employees of Defendant corporations. They even ordered groceries and other products through online sources and delivery.

25. On best information and belief, no other individual who had contact with Mr. Hampton during the relevant time period test positive for Coronavirus other than Jane Doe.

26. Mr. Hampton was otherwise in average health for his age.

## CAUSES OF ACTION

27. Plaintiff adopts and incorporates herein paragraphs 1 through 26 above, as if fully set out herein, and would further allege and state as follows:

28. Pursuant to 12 O.S. § 1054, Plaintiff Joyce Hampton, surviving widow of Harry Hampton, brings her cause of action.

29. Harry Hampton was owed a duty of care by Defendants consistent with standard of care and with regulations regulating home health services.

30. At the time of the injuries giving rise to this suit, Defendant Jane Doe was an agent and/or employee of Defendants Right at Home, LLC and Right at Home Tulsa d/b/a Right at Home, rendering them vicariously liable to Plaintiff for his damages resulting from the death of Harry Hampton.

31. At the time of the injuries giving rise to this suit, Defendant Right at Home Tulsa d/b/a Right at Home was an agent, whether actual, apparent, or ostensible, of Right at Home, LLC. Thus, Right at Home, LLC is bound by the actions of Right at Home Tulsa d/b/a Right at Home and is liable for its actions.

32. At the time of the injuries giving rise to this suit, Defendant Right at Home Tulsa d/b/a Right at Home was an agent, whether actual, apparent, or ostensible, of Right at Home, Inc. Thus, Right at Home, Inc. is bound by the actions of Right at Home Tulsa d/b/a Right at Home and is liable for its actions.

33. Harry Hampton died as a result of negligent treatment and/or actions of Defendants as the actions of Defendants breached the standard of care.

34. As a result of Defendants' conduct, Harry Hampton died and his estate and family suffered damages as set forth below.

35. Defendants corporations' failure to remove Jane Doe from patient care was reckless and put Mr. Hampton and other patients at significant risk for contracting COVID-19.

36. Defendants' acts, conduct, and/or omissions were the actual and proximate cause of Harry Hampton's death.

37. Mr. Hampton and Plaintiff were home bound, rarely leaving their residence. On best information and belief, an officer and/or employee of Defendants Right at Home Tulsa d/b/a Right at Home and Right at Home, LLC admitted in a phone conversation Mr. Hampton contracted Coronavirus from Jane Doe.

38. Defendants failed to wear protective equipment, which is scientifically proven and widely known, even among lay persons, to significantly reduce the likelihood of transmission of Coronavirus. This also violates regulations set forth for home health providers.

39. Defendants also failed to adequately warn Plaintiff and Mr. Hampton it was possible Jane Doe had contracted Coronavirus.

40. As a result of Defendants' conduct, Harry Hampton sustained personal injuries, suffered severe physical and emotional pain and suffering, incurred medical bills, and died resulting in an amount in excess of $75,000.00, exclusive of interest, attorney's fees and costs.

41. As a result of Defendants' conduct, Plaintiff Joyce Hampton, widow of Harry Hampton, suffered damage due to the loss of services, society, grief, companionship, support and contribution of her husband and claims damages in excess of $75,000.00, or an amount in excess of the jurisdictional amount for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

42. Defendants' conduct amounted to gross negligence, was reckless, and/or was done intentionally with malice towards others. Defendants' engaged in conduct life threatening to humans thus punitive damages should be assessed against Defendants, and in favor of Plaintiff, in an amount in excess of $75,000.00. Defendants' actions merit punitive

damages because of their immense failure to use protective gear which lessens transmission of Coronavirus is startling, considering the effectiveness of such gear is widely known even by lay persons who are not in the business of home health care. Defendants also failed to pull their employee off duty and then adequately warn Plaintiff and her husband to possible exposure.

WHEREFORE, Plaintiff prays for judgment against the Defendants, each of them in an amount in excess of $75,000.00 or an amount in excess of the jurisdictional amount for diversity jurisdiction. Plaintiff also requests costs, interest, attorney's fees and any other relief the Court deems equitable.

Respectfully submitted,

**TAYLOR, FOSTER, MALLETT, DOWNS, RAMSEY & RUSSELL, A Professional Corporation**

_____
DARRELL W. DOWNS, OBA #12272
ddowns@soonerlaw.com
JACOB R. DANIEL, OBA #32760
jdaniel@soonerlaw.com
400 West Fourth Street
P.O. Box 309
Claremore, Oklahoma 74018
Telephone:   918/343-4100
Facsimile:    918/343-4900
***Attorneys for Plaintiff***