## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOYCE HAMPTON, individually and | ) | |
| as surviving spouse of Harry Payne Hampton | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-CV-0472-CVE-CDL |
| | ) | |
| SNAPCALL INVESTMENTS, INC. | ) | |
| D/B/A/ RIGHT AT HOME, | ) | |
| a foreign corporation; | ) | |
| JANE DOE, an Oklahoma citizen; | ) | |
| RIGHT-AT-HOME, LLC; | ) | |
| RIGHT-AT-HOME, INC.; | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter comes before the Court for consideration of plaintiff Joyce Hampton's motion for leave to file an amended complaint and add parties (Dkt. # 19). Defendant, SnapCall Investments, Inc. ("SnapCall"), has filed an objection and response to plaintiff's motion (Dkt. # 24), and plaintiff has filed a reply (Dkt. # 25).

## I.

Plaintiff filed her complaint (Dkt. # 2-2) in the District Court in and for Tulsa County, Oklahoma on August 7, 2020. Plaintiff named four defendants in her complaint: SnapCall,[1] Jane Doe, Right-at-Home LLC, and Right-at-Home, Inc. Plaintiff alleged all defendants were potentially

---

[1] Plaintiff incorrectly named "Right at Home Tulsa d/b/a Right at Home, a foreign corporation," as one of the defendants in the original petition; however, that defendant filed a notice of party name correction in this Court on October 8, 2020, stating that the correct party name is "SnapCall Investments, Inc., d/b/a Right at Home, a foreign corporation." Dkt. # 8. That defendant is referred to as "SnapCall" herein.

liable to plaintiff for, among other things, negligent conduct that exposed plaintiff and her husband to COVID-19 in the course of providing in-home care to the couple.  Plaintiff alleged such negligence ultimately caused plaintiff's husband's COVID-19 infection, and his resulting hospitalization and death from complications related to COVID-19.  Dkt. # 2-2, at 2-7.  Plaintiff explained that "Jane Doe" was employed by defendants, and that "employees of [d]efendant corporations, including Jane Doe, neglected to wear adequate personal protective equipment while visiting [p]laintiff's and the decedent residence." Id. at 3.  Plaintiff alleged that "in the beginning of June 2020, Jane Doe was suspected of contracting COVID-19," and subsequently received a positive test result for COVID-19. Id.  Plaintiff further alleged that "[d]uring the time Jane Doe was infected, she was still not wearing appropriate protective gear which would have significantly reduced the likelihood of transmission" of COVID-19. Id. at 4.  Finally, plaintiff asserts that "[u]pon best information and belief Jane Doe is a citizen of Oklahoma as she lives and works in Tulsa County, Oklahoma" and that the other three defendants are foreign corporations. Id. at 2.  Plaintiff asserts she is owed damages in excess of $75,000 and also seeks punitive damages. Id. at 7.

On September 24, 2020, defendant SnapCall removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1332.  Dkt. # 2, at 2.  The Court entered a scheduling order on October 29, 2020, with a deadline of March 1, 2021 to file motions for joinder of additional parties and/or amendment to complaint.  Dkt. # 15.  On February 16, 2021, plaintiff filed a motion to amend her complaint to join certain SnapCall employees who likely treated plaintiff and her husband at their home during the relevant time period, pursuant to Federal Rules of Civil Procedure 15(a)(2) and 20(a).  Dkt. # 19.

In her motion, plaintiff explains that "[t]hrough written discovery, [SnapCall] identified eight certified nurse aid employees who had provided care to the [p]laintiff and may have transmitted the SARS-COV-2 virus to [plaintiff's husband,] which ultimately led to his untimely death." Id. at 2. The defendants named in the proposed amended complaint–Ambrose Midget, Purity Usifoh, Theresa M. Kangbah, Sarah Foster, Margaret Ghogomu, Eshea Taylor, Veronica Harrison, Justina Diminas–are all alleged to be citizens of Oklahoma. Dkt. # 19-1 at 2.

SnapCall objects to the addition of the proposed defendants, its employees, because joining those parties will destroy complete diversity and divest the Court of subject matter jurisdiction. Dkt. # 24 , at 1. SnapCall also asserts that the new parties are not indispensable under Fed. R. Civ. P. 19 (Rule 19) and so do not need to be joined. Id. at 3-8. Plaintiff replies that the applicable rule governing joinder is Fed. R. Civ. P. 20 (Rule 20), not Rule 19, and asserts that amendment to add SnapCall's employees is in keeping with the liberal spirit of Fed. R. Civ. P. 15 (Rule 15) and Rule 20. Dkt. # 25, at 1-7. For the reasons stated herein, the Court finds the joinder of the additional parties is permitted under Rule 15 and Rule 20 and SnapCall does not demonstrate that amendment permitting joinder is not appropriate under either rule. Accordingly, the Court grants plaintiff leave to amend her complaint to add the additional parties.

## II.

Under Rule 15(a)(2) "a party may amend its pleadings only with the opposing party's written consent or the court's leave" once a responsive pleading has been served. Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting Fed. R. Civ. P. 15 (a)(2)). However, "leave shall be freely given when justice so requires." Id. (quoting Fed. R. Civ. P. 15 (a)). "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided

on its merits rather than on procedural niceties.'" Id. (quoting Hardin v. Manitowoc–Forsythe Corp., 691 F.2d 449, 456 (10th Cir. 1982)).  "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"  Foman v. Davis, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)).

Defendant first argues that plaintiff has engaged in undue delay.[2] Dkt. # 24, at 4.  Under Rule 15 "[l]ateness does not of itself justify the denial of the amendment." R.E.B., Inc. v. Ralston Purina Co., 525 F.2d 749, 751 (10th Cir. 1975); see also Minter, 451 F.3d at 1204 ("[D]elay alone is an insufficient ground to deny leave to amend.") (quoting USX Corp. v. Barnhart, 395 F.3d 161, 167 (3d Cir. 2004) (internal citations and quotation marks omitted)).  "Emphasis is on the adjective [undue]."  Minter, 451 F.3d at 1204.  In assessing undue delay, the Tenth Circuit "focuses primarily on the reasons for the delay." Id. at 1206.  In this Circuit, "denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'"  Id. (quoting Frank v. U.S. West, 3 F.3d 1357, 1365–66 (10th Cir. 1993)).  Further, "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." Las

---

[2]    Defendant also makes numerous arguments that are not germane to whether plaintiff should be granted leave to amend or whether joinder is proper.  These arguments (i.e., questioning why a particular "ninth" employee was not joined as a defendant (Dkt. # 24, at 5) or arguing that plaintiff can obtain adequate relief without the proposed defendants (id. at 6)) are not relevant to the issue before the Court and, thus, are not addressed herein.

Vegas Ice & Cold Storage Co. v. Far W. Bank, 893 F.2d 1182, 1185 (10th Cir. 1990) (quoting State

Distributors, Inc. v. Glenmore Distilleries Co., 738 F.2d 405 (10th Cir. 1984).

    Here, defendant asserts that undue delay is evident because defendant supplied the

interrogatory responses on December 4, 2020, that identified the employees plaintiff now seeks to

join, but "that [p]laintiff made her first attempt to ascertain the identity of any nurse aide who both

provided service to [plaintiff's husband] and also tested positive for COVID-19" on February 5,

2021.  Dkt. # 24, at 4.   Further, defendant charges that plaintiff "made no request for the name of

any SnapCall employee who would fit the description of 'Jane Doe' as found in the Tulsa County

Petition."  Id. at 4-5 (emphasis in original).

    The Court first notes that defendant does not support these allegations with any exhibits.

However, even taking defendant at its word, the Court notes that as of the date of the motion to

amend, the deadline to amend set by the Court had not yet passed.  Courts have held that there is no

undue delay where plaintiff's motion to amend was within the court-scheduled deadline.  Bayview

Loan Servicing, LLC v. Boland, 2008 WL 4059856, at *2 (D. Colo. Aug. 29, 2008).   Absent

affirmative evidence of purposeful delay the Court does not find plaintiff engaged in undue delay

by waiting until February 20, 2021 to request an amendment.  That date is both well before the

Court-scheduled deadline for amendment and not unduly long after plaintiff had been supplied the

names of the proposed defendants from SnapCall's files.  Accordingly, undue delay is not evident

in such a case.

    Defendant also appears to argue that amendment will subject it to undue prejudice by

depriving it of its "legitimate interest in remaining in federal court."  Dkt. # 24, at 6.  "Undue

prejudice is the "most important[] factor in deciding a motion to amend the pleadings."  Minter, 451

F.3d at 1207.  "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'"  Id. at 1208 (quoting Patton v. Guyer, 443 F.2d 79, 86 (10th Cir. 1971)).  "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."  Id.  Loss of a federal forum, without more, is not sufficient to show undue prejudice to defendant.  Hernandez v. Chevron U.S.A., Inc., 347 F. Supp. 3d 921, 975 (D.N.M. 2018).

In this case, SnapCall's only allegation of undue prejudice appears to be that amendment will interfere with its "legitimate interest" in staying in federal court.  Without more, this allegation does not demonstrate undue prejudice, and fails to state a reason to deny amendment under Rule 15. Further, defendant has been on notice since the date of filing that the parties were not likely to qualify for federal diversity jurisdiction.  Plaintiff always asserted that Jane Doe was most likely an Oklahoma citizen.  Dkt. # 2-2, at 2.  Defendant was on notice as to that fact prior to removal.  The mere fact that plaintiff was unable to properly name the individual employees as parties until she received SnapCall's discovery responses does not create undue prejudice to SnapCall.

The remaining rationales for denying plaintiff's request for amendment are similarly inapplicable here.  First, there have been no "amendments previously allowed."  Second, defendant does not show that plaintiff's motion to amend arises from "bad faith or dilatory motive."  Finally, while defendant might believe the proposed amendment is "futile," this Court is not in a position to

judge that question on the briefing before it.  Neither party fully addresses whether or why plaintiff can or cannot assert claims against the proposed defendants.[3]

As the Court does not find defendant has stated a reason to deny amendment, the Court next assesses whether the proposed joinder is appropriate under Rule 20.  "Rule 20 permits the joinder of defendants in one action if 'any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences' and 'any question of law or fact common to all defendants will arise in the action.'" Greer v. State Farm Fire & Cas. Co., No. CIV-19-378-PRW, 2019 WL 2578087, at *2 (W.D. Okla. June 24, 2019) (quoting Fed. R. Civ. P.  20).  Rule 20(a) was drafted with the intent "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." Sprint Communications Co., LP v. Theglobe.com, Inc., 233 F.R.D. 615, 616 (D. Kan. 2006) (quoting 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1652 (3d ed. 2001)).  "The court construes Rule 20(a) broadly because 'joinder of claims, parties, and remedies is strongly encouraged.'" Id. (quoting Biglow v. Boeing Co., 201 F.R.D. 519, 520 (D. Kan. 2001) and United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966)). "[C]laims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court." Greer, No. CIV-19-378-PRW, 2019 WL 2578087, at *2 (quoting Sprint Communications, 233 F.R.D. at 617).

---

[3]     Defendant submits what could be construed as the beginning of an argument that there is no theory of liability under which plaintiff can hold the proposed defendants liable (Dkt. # 24, at 6), but the argument does not address all claims against the proposed defendants in the amended complaint.  As a result, the Court cannot find the defendant has shown, as a matter of law, that amendment would be futile.

In her motion to amend the complaint, plaintiff alleges that "the individual defendants sought to be added are done so on the basis of the same exact conduct, facts, and legal issues alleged against Snapcall." Dkt. # 19, at 3.  Such an allegation is supported by the facts in the complaint, which seeks to hold both defendant and SnapCall's employees responsible for the same conduct (negligence in caring for plaintiff and her husband).  The allegation is further supported by SnapCall's assertion that "SnapCall would be vicariously liable under respondeat superior theory" for the actions of the proposed defendants.  Dkt. # 24, at 6.  Therefore, the Court finds joinder of the proposed defendants under Rule 20 is appropriate.

SnapCall has not presented any valid reason to deny amendment under Rule 15, or why joinder is improper under Rule 20, and so the Court finds that plaintiff should be permitted to file an amended complaint joining the proposed defendants.[4]

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to file an amended complaint and add parties (Dkt. # 19) is **granted**.  The plaintiff is directed to file the amended complaint by **close of business on Monday, March 8, 2021.**

**DATED** this 5th day of March, 2020.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[4]     Once filed, the amended complaint will add eight non-diverse parties as defendants.  Upon permitting the joinder of non-diverse parties, the Court must "remand the action to the State Court" pursuant to 28 U.S.C. § 1447(e). See also 14C Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3739, at 445 (3d ed. 1998) ("If the court permits the non-diverse party to be joined, the statute requires that the court remand the case to the state court from which it was removed.").  Therefore, as joinder will destroy diversity and divest the Court of jurisdiction, it will remand the case to the Tulsa County District Court, Tulsa, Oklahoma.