UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JOYCE HAMPTON, individually and** <br> **as surviving spouse of Harry Payne Hampton,** <br><br> **Plaintiff,** <br><br> v. <br><br> **SNAPCALL INVESTMENTS, INC.** <br> **D/B/A/ RIGHT AT HOME,** <br> a foreign corporation; <br> **AMBROSE MIDGE; PURITY USIFOH;** <br> **THERESA M. KANGBAH; SARAH FOSTER;** <br> **MARGARET GHOGOMU; ESHEA TAYLOR;** <br> **VERONICA HARRISON; and JUSTINA** <br> **DIMINAS;** <br><br> **Defendants.** | Case No. 20-CV-0472-CVE-CDL |

**OPINION AND ORDER**

Plaintiff filed a complaint in the District Court in and for Tulsa County, Oklahoma on August 7, 2020, naming four defendants: SnapCall Investments, Inc. ("SnapCall"), Jane Doe, Right-at-Home LLC, and Right-at-Home, Inc. Dkt. # 2-2. In that complaint, plaintiff alleged that "[u]pon best information and belief Jane Doe is a citizen of Oklahoma as she lives and works in Tulsa County, Oklahoma" and that the other three defendants are foreign corporations. Id. at 2. Jane Doe was alleged to be a SnapCall employee. On September 24, 2020, defendant SnapCall removed this action to federal court pursuant to 28 U.S.C. §§1441 and 1332, arguing that the citizenship of Jane Doe must be disregarded when determining subject matter jurisdiction upon removal. Dkt. # 2, at 2.

On February 16, 2021, plaintiff filed a motion to amend her complaint to join certain SnapCall employees that had been identified through preliminary discovery. Dkt. # 19. SnapCall

objected to the addition of the proposed defendants because joinder would destroy complete diversity and divest the Court of subject matter jurisdiction. Dkt. # 24, at 1.

In an order dated March 5, 2021, the Court found amendment was proper and granted plaintiff leave to amend her complaint to add eight new, non-diverse parties (Dkt. # 26). On March 8, 2021, plaintiff filed the amended complaint adding the non-diverse defendants (Dkt. # 27). The complaint alleges that both plaintiff and the newly joined defendants are residents of Oklahoma. Dkt. # 27, at 2. Plaintiff also filed a motion to remand (Dkt. # 28), stating that, as of the filing of the amended complaint, the Court lacks subject matter jurisdiction.

Under 28 U.S.C. §1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." As the Court has allowed the joinder of non-diverse defendants, destroying complete diversity, it must remand the action to state court sua sponte.

**IT IS THEREFORE ORDERED** that the Court lacks subject matter jurisdiction over this case and sua sponte remands it to state court. The Court Clerk is directed to **remand** this case to Tulsa County District Court.

**IT IS FURTHER ORDERED** that plaintiff's motion to remand (Dkt. # 28) is **moot**.

**DATED** this 8th day of March, 2021.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE